PJS:TSJ:jm

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAN TAVERAS GOMEZ, | : | NO.  3:CV-08-0619 |
| BARBARA GOMEZ, WILFREDO | : | |
| RAFAEL TAVERAS, WILIANA | : | |
| TAVERAS, by their next friend | : | (Judge Caputo) |
| WILIAN TAVERAS GOMEZ, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. FEISSNER, et al., | : | |
| Defendants | : | Electronically Filed |

## DEFENDANTS CHISTINO'S AND EPPLEY'S REPLY BRIEF TO PLAINTIFF'S BRIEF IN OPPOSITION TO THEIR MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Now comes Defendants, Special Agents David Christino and Dane Eppley of Immigration and Customs Enforcement (ICE) of the United States Department of Homeland Security (DHS), by and through their counsel, Peter J. Smith, United States Attorney for the Middle District of Pennsylvania, and Assistant United States Attorney Timothy S. Judge and requests the Court to dismiss them from this action and grant judgment in their favor.

On July 29, 2010, Agents Christino and Eppley filed their motion to dismiss and for summary judgment with their statement of facts and brief in support.

(Docs. 49, 48, 50.)  On August 31, 2010, Plaintiffs filed their brief in opposition and a counter statement of facts.  (Docs. 60, 58.)  This reply is submitted in response to Plaintiffs' opposition.

Based on Plaintiffs' brief in opposition, there are no genuine issues of material fact in dispute precluding dismissal and the entry of summary judgment in Agent Christino's and Eppley's favor.  Plaintiffs raised three arguments of opposition to dismissal and summary judgment: 1) Agents Christino and Eppley were acting under color of state law such that they may be liable under 42 U.S.C. §§ 1983 and 1981(a); 2) Agent Christino and Eppley violated Plaintiffs' right to equal protection under the law; and 3) Defendants Christino and Eppley should not be afforded qualified immunity.  (Doc. 60.)  Other than these arguments, Plaintiffs have abandoned any other basis to support a claim of liability as to Agents Christino and Eppley.  Defendants will address each argument in turn.

## I.  Liability under 42 U.S.C. §§ 1983 and 1981(a)

Plaintiffs contend that Agents Christino and Eppley may be held liable under §§ 1983 and 1981(a) because they may be found to have been acting under color of state law.  (Id. at 11-16.)  Plaintiffs argument is less than clear as to the underlying constitutional violation or violations giving rise to liability under §§ 1983 and 1981(a).  (Id.)  In a footnote, Plaintiffs assert that liability under these

2

sections are based on "unequal treatment on the basis of alienage . . . ." (Doc. 10 at 11 n. 6.)

In Plaintiffs' Amended Complaint, the first four claims are based on violations of the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. § 1983.  (Id. at 9-11.)  The fifth claim is based on violations of the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. § 1981(a).  (Id. at 11.)  The first four claims in Plaintiffs' Amended Complaint clearly and unambiguously identify each basis upon which they are asserted: the entry of their home (first cause); the seizure of their persons (second); the search of their property (third); and the seizure of their property (fourth).  (Id. at 9-11.)  However, none of the claims identify the alleged actor(s).  (Id.)  The fifth claim states that it is premised on the denial of rights enjoyed by "white citizens" under § 1981(a) and again fails to identify which defendant(s) is alleged to have violated the Plaintiff(s) rights.  (Id. at 11.)

Further, the fifth claim does not identify any factual allegation, but, rather, merely and formulaically restates the elements of such a claim.  (Id.)  Such pleading of a claim is insufficient and should be dismissed.  In Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937 (2009), the Supreme Court elucidated its holding in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that a complaint must

3

contain "enough facts to state a claim to relief that is plausible on its face" to withstand a motion to dismiss.  In <u>Iqbal</u>, the Court reaffirmed that a complaint will not survive a dismissal motion where it contains "threadbare recitals of the elements of a cause of action, supported by conclusory statements,"  and that "unadorned, the-defendant-unlawfully harmed me" allegations are insufficient," <u>Iqbal</u>, 129 S. Ct. at 1949.  Thus, the Court should dismiss Plaintiffs' fifth count as to Agents Christino and Eppley.

Plaintiffs seek to impose liability under §§ 1983 and 1981(a) by asserting that Agents Christino and Eppley were acting under color of state law.  (Doc. 60 at 11-16.)  Plaintiffs contend that they do not need to properly plead or establish a conspiracy in order to impute liability for constitutional violations against federal agents acting with state law enforcement officers under §§ 1983 and 1981(a).  (<u>Id.</u>) In support of their position, Plaintiffs cite to <u>United States v. Classic</u>, 313 U.S. 299 (1941), and <u>Lugar v. Edmondson Oil Company, Inc.</u>, 457 U.S. 922 (1982). However, neither case supports Plaintiffs' argument.

In <u>Classic</u>, the United States appealed the judgment of the district court sustaining a demurrer to two criminal counts under federal law for alleged violations by Commissioners of Elections acting under Louisiana state law. 313 U.S. at 309.  The Court observed that the factual allegations underlying the

4

criminal counts were that the Commissioners conspired to violate the civil rights of voters in a primary election.  Classic, 313 U.S. at 308.  Thus, the basis for the charges was an alleged conspiracy.

In order for a federal employee to be held liable under § 1983, a plaintiff must demonstrate that the federal employee conspired with a state official acting under color of state law to deny the plaintiff of a constitutional right.  Melo v. Haffer, 912 F.2d 628, 638 (3d Cir. 1990).  In this case, Plaintiffs have not plead or established any conspiracy concerning Agents Christino and Eppley.  (Doc. 10 at 9-12.)  Further, Plaintiffs have not cited any authority supporting the proposition that a federal official could be held liable for assisting state officials acting under color of state law absent a conspiracy.  (Doc. 60 at 11-16.)

Also distinguishable, Lugar was a garnishment and prejudgment attachment case wherein private creditors parties may be found liable under § 1983 if they employ state judicial procedures to secure the property of a debtor.  457 U.S. at 924-27.  The Court observed that a private creditor under § 1983 may be found to have acted under color of state law because the creditor used state judicial procedures to effect the taking of the debtor's property.  Id. at 942.  Lugar and the cases cited therein concern the test for when a private party may be said to be a "state actor" under § 1983 in the garnishment and prejudgment attachment

context, not when a federal law enforcement officer may be found to be a state actor under § 1983 when asked to assist by state law enforcement officers.

In the garnishment and prejudgment attachment context, the private creditor avails itself of the state created statutes to obtain a debtor's property and uses the state courts to enforce the action. Lugar, 457 U.S. at 932-33. The Court observed that in order to establish "joint participation" the private party need only to invoke "the aid of state officials to take advantage of state-created attachment procedures." to challenge the constitutionality of the state statute at issue. Id. at 942.

Here, it is undisputed that Agents Christino and Eppley did not invoke the aid of state officials or take advantage of state-created procedures. (Doc. 48 at ¶¶ 32-37, 39-40, 46-56.) The state law enforcement officers requested Agents Christino and Eppley to aid them and the state law enforcement officers invoked the state-created procedures to obtain a search warrant. (Id.)

Further, the test cited in Lugar in the garnishment and prejudgment attachment context is not applicable to factual context of federal agents assisting state law enforcement officers. To the extent that the test cited by Plaintiffs could be applied to the circumstances presented here, the Court in Lugar observed that the two part test was derived from Adickes v. S.H. Kress & Co., 398 U.S. 144, 150

(1970).  457 U.S. at 930-31.  The <u>Lugar</u> Court observed that under <u>Adickes</u> a "private party's joint participation with a state official in a conspiracy to discriminate would constitute" both a direct violation of constitutional rights by state action and action taken under color of state law.  457 U.S. at 931.  Thus, to the extent that the test may be applicable, it would be necessary to plead and prove a conspiracy between the private party and the state official.

Here, it is undisputed that Plaintiffs did not plead nor do they assert any conspiracy between Agents Christino and Eppley and the state law enforcement officials under §§ 1983 or 1981(a).  (Doc. 10 at 9-12.)  Therefore, Plaintiffs' first five counts should be dismissed or summary judgment granted in favor of Agents Christino and Eppley.

## II.  Plaintiffs' Equal Protection Claim

Plaintiffs now contend that they may assert an equal protection claim based on citizenship status against Agents Christino and Eppley through their claims under § 1983 and under the Fifth Amendment pursuant to <u>Bivens</u>.  As previously stated, no such claim is applicable to Agents Christino and Eppley under § 1983 because Plaintiffs have failed to plead a conspiracy under § 1983 and there is genuine issue of material fact that Agents Christino and Eppley did not engage in a conspiracy.  <u>Melo</u>, 912 F.2d at 638.  Further, none of Plaintiffs' seven counts

7

states that it is brought under <u>Bivens</u>.  (Doc. 10 at 9-12.)

Only Plaintiffs' fifth and sixth counts allege that Defendants intended to deny Plaintiffs the rights enjoyed by "white citizens."  (<u>Id.</u> at 11-12.)  The fifth count is brought under § 1981.  (<u>Id.</u> at 11.)  The sixth and seventh counts are pursuant to 42 U.S.C. §§ 1985(3) and 1986.  (<u>Id.</u> at 11-12.)  None of the claims identify Agents Christino and Eppley as the alleged actors responsible for the alleged constitutional violation.  (<u>Id.</u>)

As discussed above, the fifth claim does not identify any factual allegation but, rather, merely and formulaically restates the elements of such a claim.  (<u>Id.</u> at 11.)  Such a pleading of a claim is insufficient and should be dismissed.  <u>Ashcroft</u>, 129 S. Ct. 1949.

Plaintiffs are now attempting at this late stage to amend their Amended Complaint include this equal protection claim based on citizenship status under <u>Bivens</u>.  The time for filing amended pleadings has long since passed and Defendants have filed dispositive motions.  Plaintiffs' counsel is an experienced civil rights litigator and may have chosen for any number of strategic reasons not to include any such claim, not the least of which is that the evidence would not support such a claim.

Defendants would suffer irreparable prejudice should the Court consider this new basis of liability. Had the Amended Complaint identified a claim pursuant to Bivens, counsel for Defendants would surely have taken a different approach during discovery and in their subsequent dispositive motion. Additionally, Plaintiffs knew about the alleged statement by Agent Christino at the time Plaintiffs filed their Amended Complaint. (Doc. 10 at 6.) The Court should not accept the attempt to amend the pleadings and include this new basis of liability at the eleventh hour. See Estate of Olivia ex rel. McHugh v. New Jersey, 604 F.3d 788, 803 (3d Cir. 2010)(determining that it was not abuse of discretion by the district court to deny leave to amend to assert a First Amendment claim where the plaintiff unduly delayed seeking to assert such a claim long after it was or should have been apparent).

As stated in Agents Christino's and Eppley's brief in support, Plaintiffs must demonstrate a conspiracy in order to impose liability under § 1981(a).[1] Riley v. Potter, Civ. No. 08-5167, 2010 WL 125841 *4 (D.N.J. Jan. 7, 2010). Plaintiffs

---

[1]Although Agents Christino and Eppley identified that this Court's decision in Slater v. Susquehanna, 613 F. Supp. 2d 653, 661-662 (M.D. Pa. 2009), was interpreting a claim under § 1981, the Court was in fact applying § 1985(3). However, Agents Christino and Eppley offer Slater for the proposition that it is instructive as to the necessary, particularized elements of a conspiracy that must be alleged to sustain such a claim. (Doc. 50 at 24-25, 29.)

failed to allege a conspiracy or to cite any authority showing that a federal official assisting a state official may be held liable under § 1981(a) absent the showing a conspiracy. (Doc. 60 at 11-16.) Thus, Plaintiffs' fifth claim should be dismissed or summary judgment granted in favor of Agents Christino and Eppley.

Plaintiffs' brief in opposition to Agents Christino's and Eppley's motion does not address Plaintiffs' sixth and seventh counts under §§ 1985(3) and 1986. (Doc. 60 at 11-21.) It appears that Plaintiffs have conceded that these claims should be dismissed. The sixth claim pleads that unnamed defendants engaged in a conspiracy but it fails to properly allege a conspiracy by identifying the particularized period of the conspiracy, object of of the conspiracy, or the actions taken by Agents Christino and Eppley in furtherance of the conspiracy (Doc. 10 at 11-12).[2] Slater, 613 F. Supp. 2d at 661. Thus, these claims should be dismissed.

Further, Plaintiffs did not plead nor argue that Agents Christino or Eppley acted with the requisite racial animus to sustain a claim under § 1985(3). (Docs. 10 at 9-12; 60 at 11-20) Plaintiffs have alleged only that the equal protection claims are based on "alienage."[3] (Doc. 60 at 11 n. 6.)

---

[2]Without a violation of § 1985(3), no claim for a violation of § 1986 may arise. Rogin v. Bensalem Twp., 616 F. 2d 680, 696 n.84, 697 (3d Cir. 1980).

[3]The United States Supreme Court has specifically reserved the question of whether a conspiracy motivated by an "invidiously discriminatory intent other

For the first time in any filing, Plaintiffs now allege that their equal protection claim is based on Agent Christino's alleged statement for Mr. Taveras to be quiet or they would handcuff him again.  (Doc. 60 at 16-20.)  Nowhere in the Amended Complaint do Plaintiffs identify that they were asserting an equal protection claim based on an alleged violation of Mr. Taveras' First Amendment rights.  (Doc. 10.)  To permit such a claim at this late stage in proceedings would irreparably prejudice Agents Christino and Eppley.  Surely Defense counsel would have approached discovery and dispositive motions differently had such a claim been properly pled or included in an amended pleading.

Assuming *arguendo* that the statement was made, Plaintiffs still did not include any claim based on the deprivation of Mr. Taveras' First Amendment rights.  (Doc. 10.)  To attempt to bootstrap a First Amendment claim at this late stage would irreparably prejudice Defendants where Plaintiffs have unduly delayed the assertion of this new claim.  Estate of Olivia ex rel. McHugh, 604 F.3d at 803.

---

than racial bias" could form the basis of a § 1985(3) claim.  Griffin, 403 U.S. at 102 n.9; see also Rogin v. Bensalem Twp., 616 F.2d 680, 696 n.84, 697 (3d Cir. 1980).  However, the Third Circuit has extended § 1985(3) claims to classes beyond race.  Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997)(determining that the mentally retarded are a protected class under § 1985(3)).  The undersigned has been unable to locate any Third Circuit precedent extending protection under under 1985(3) to non-citizens as a class.

## III.  Qualified Immunity

Plaintiffs only purported basis for denying Agents Christino and Eppley qualified immunity is Plaintiffs' newly asserted First Amendment claim. (Doc. 60 at 20-21.) Apparently, Plaintiffs have conceded all other bases argued by Agents Christino and Eppley as to their entitlement to qualified immunity.  (Doc. 50 at 33-40.)  Thus, there is no genuine issue of material fact concerning their entitlement to qualified immunity on all of Plaintiffs' claims as asserted in their Amended Complaint.  For the same reasons stated above, this Court should not permit Plaintiffs to bootstrap this new claim at this late stage.

Assuming *arguendo* that this Court were to accept a construction of the Amended Complaint to include a viable equal protection claim based on the deprivation of Mr. Taveras' First Amendment rights, Agents Christino and Eppley would still be entitled to qualified immunity.  The state law enforcement officers still maintained control of the premises.  (Doc. 48 at ¶¶ 53, 181-184, 186.)  While the officers were still maintaining control of premises they were entitled to control the movements of the persons within the premises.  Michigan v. Summers, 452 U.S. 692, 705 (1981).  This included verbal orders or to physically restrain persons located in the premises for the safety of officers and persons located in the premises.  Id. at 702-03 ("The risk of harm to both the police and the occupants is

12

minimized if the officers routinely exercise unquestioned command of the situation"). The ability to maintain order during the execution of a search warrant for illegal drugs and weapons is essential to officer safety and the safety of persons located in a subject premises. Summers, 452 U.S. at 702-03.

Here, Agents Christino and Eppley properly relied on the state law enforcement officers to execute the state search warrant within the warrant's lawful scope. (Doc. 48 at ¶¶ 53, 181-184, 186.) It is undisputed that the state law enforcement officers maintained control of the premises. (Doc. 60 at 3-4.) It is undisputed that Mr. Taveras' question was made in Spanish. (Doc. 48 at ¶¶ 152-53, 157.) It is undisputed that Agent Christino and Eppley are not fluent in Spanish. (Doc. 48 at ¶¶ 41-44.)

Assuming Agent Christino made the alleged statement, he was entitled to maintain order and control of persons located in the premises for officer safety and the safety of the other persons located in the premises. Summers, 452 U.S. at 702-03. No retaliatory action resulted other the alleged statement that Mr. Taveras would be handcuffed if he was not quiet. In fact, it is undisputed that after this alleged exchange, Agents Christino and Eppley left the premises. (Doc. 48 at ¶¶ 157-58, 161-64.)

Plaintiffs offer no authority that is was clearly established that an law enforcement officer may not give a verbal order for someone already detained  to be quiet in a brief exchange during the execution of a search warrant for illegal drugs and weapons.  (Doc. 60 at 20-21.)  Further, there is no evidence that Agent Eppley understood Mr. Taveras' alleged question and acquiesced.  Agent Eppley cannot be liable for Agent Christino's alleged statement, especially where, as here, no retaliatory action was taken.  Civil rights violations require personal involvement.  Iqbal, 129 S. Ct. at 1948.  Thus, even assuming that Agent Christino made the alleged statement, Agents Christino and Eppley would be entitled to qualified immunity if the Court construed the Amended Complaint as asserting a equal protection claim based on the deprivation of Mr. Taveras' First Amendment rights.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

However, no such claim is contained in the Amended Complaint.  (Doc. 10.) Thus, the Court should grant summary judgment to Agents Christino and Eppley because Plaintiffs have conceded that Agents Christino and Eppley are entitled to qualified immunity on all the claims pled in the Amended Complaint.

## IV.  Conclusion

Based on the above and Agent Christino's and Eppley's brief in support of dismissal and summary judgment (Doc. 50), Defendants Christino and Eppley request this Court to grant their motion and dismiss them from this action or grant judgment in their favor.

Respectfully submitted,

PETER J. SMITH
UNITED STATES ATTORNEY

/s/ Timothy S. Judge
TIMOTHY S. JUDGE
Assistant U.S. Attorney
Atty. I.D. #PA 203821
P.O. Box 309
Scranton, PA 18501
Phone 348-2800
Fax: 348-2830
E-Mail: timothy.judge@usdoj.gov

Dated:   September 14, 2010

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAN TAVERAS GOMEZ,** | : | NO.  3:CV-08-0619 |
| **BARBARA GOMEZ, WILFREDO** | : | |
| **RAFAEL TAVERAS, WILIANA** | : | |
| **TAVERAS, by their next friend** | : | **(Caputo, J.)** |
| **WILIAN TAVERAS GOMEZ,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID CHRISTINO, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 14, 2010, she served a copy of the attached

**DEFENDANTS CHISTINO'S AND EPPLEY'S REPLY BRIEF**
**TO PLAINTIFF'S BRIEF IN OPPOSITION**
<u>**TO THEIR MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**</u>

by electronic service pursuant to Local Rule 5.7 to the following individual:

<u>Addressee</u>:

Laurence E. Norton, Esquire
Community Justice Project
118 Locust Street
Harrisburg, PA 17101

Patrick S. Cawley
Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120


/s/ Jodi Matuszewski
Jodi Matuszewski
Legal Assistant

16